LAWS, d. b. a. SUBWAY GRILL, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5863.   Decided April 29, 1958.

Mayer & Leshy, Columbus, Winston C. Allen, Newark, for appellant.
William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BRYANT, J.

Leola Elizabeth Laws, dba Subway Grill, 76 South Second Street, Newark, Ohio, the appellant herein, is the holder of two permits issued by the Department of Liquor Control for use in connection with her grill. One of them, Class D-1 (§4303.13 R. C.), is for the sale of 3.2 beer at retail by glass or container for consumption on or off the premises. and the other is a Class D-2 permit (§4303.14 R. C.), for the sale of the various malt beverages of not less than 3.2 percentum of alcohol by weight and not more than seven percentum of alcohol by weight. wine and mixed beverages, either for consumption on or off the premises.

On February 9, 1957 appellant's grill was visited by two investigators

of the Department of Liquor Control and as a result, two charges were filed against appellant, the first charging her with knowingly and willfully allowing prostitutes to loiter and solicit business on her permit premises and the second charging that on the same date a female employee of the appellant solicited from a customer a drink for said employee. The two charges were heard by the Board of Liquor Control, three witnesses testifying for the prosecution and three including the appellant testifying for the defense. At the conclusion of the hearing, the said Board found appellant guilty on both charges and revoked both permits.

An appeal was taken to the Common Pleas Court of Franklin County and on October 9, 1957, Marshall, J., of said Common Pleas Court rendered a decision affirming the order of the Liquor Board. A journal entry affirming the Liquor Board's order based upon the above decision was filed November 18, 1957.

Two notices of appeal were filed. On October 18, 1957, a notice of appeal was filed containing the following language:

"Now comes the defendant-appellant, Leola Elizabeth Laws, and gives notice of appeal to the Court of Appeals of this County from a judgment rendered by the Court of Common Pleas in the above entitled case on the 9th of October, 1957.

"Said Appeal is on question of law."

The above notice of appeal was filed nine days after the decision of the court below and approximately thirty days before the filing of the journal entry making that decision effective.

On December 5, 1957 appellant filed a second notice of appeal which contains the following language:

"Now comes the defendant-appellant, Leola Elizabeth Laws, and gives notice of appeal to the Court of Appeals of this County from a judgment rendered by the Court of Common Pleas in the above entitled case on the 9th day of October, 1957.

"Said Appeal is on question of law."

The first notice of appeal, dated October 18, 1957, bears the caption at the top "IN THE COURT OF APPEALS OF FRANKLIN COUNTY, OHIO," but the file indicates it was filed with the Common Pleas Court of Franklin County, while the second notice of appeal originally headed in the same manner has been corrected to indicate Court of Common Pleas and appears to have been filed in that court.

The notice of appeal of October 18, 1957 was accompanied by a precipe directing the Clerk of Common Pleas Court to "place papers and file with the Court of Appeals and a transcript of documents and journal entries together with such original papers as are necessary to exhibit errors captioned in the above entitled case."

A precipe containing a similar request accompanied the notice of appeal of December 5, 1957. Apparently the first precipe had not been complied with as otherwise the journal entry dated November 18, 1957 would of necessity be left out of the file when it arrived at the Court of Appeals.

No further action appears to have been taken after December 5,

1957 by either party until one hundred twenty days later on April 4, 1958 counsel for appellee filed the following motion to dismiss:

"Now comes the appellee, Board of Liquor Control of the State of Ohio, and moves this Court for an order dismissing this appeal for the reason that appellant has failed to comply with Rule VII of this Court."

Reference is made to former Rule VII of this court for the reason that such numbering and form were in effect prior to the most recent amendment of the rules of this court effective January 1, 1958. Appellee filed a memorandum in support of the motion and appellant filed what was entitled **"CONTRA MEMORANDUM"** consisting of eight lines admitting that the brief had not been filed and stating that "It was a complete oversight" but contended "we do not believe it fair to dismiss this appeal, since upon notice, appellant's brief was filed and the cause is now ready for hearing." The latter memorandum was filed April 14, 1958 and on April 11, 1958 a four and one-half page brief containing two assignments of errors was filed.

The provisions of §2505.21 R. C., are pertinent here and are as follows:

"**Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing.** Errors not specifically pointed out in the record and separately argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified. **Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal.** * * *" (Emphasis added.)

In 3 O. Jur. (2d) 487, Appellate Review, Section 572, it is said in part as follows:

"Rule VII of the Court of Appeals provides that unless otherwise ordered by the court or a judge thereof, briefs shall be filed as follows: Counsel for appellant shall, within fifty days after filing notice of appeal on law only, file with the clerk his brief; * * *

"* * * it is now settled by a specific decision of the Supreme Court, on a case certified on ground of conflict, affirming decisions of other Courts of Appeals, that the brief of the appellant must, under Rule VII, be filed within fifty days from the time of the filing of the notice of the appeal in the lower court, regardless of whether such notice is filed before or on the final day of the twenty days allowed for its filing. * * *"

Cited in support of the above is **Anderson v. Industrial Commission of Ohio, 135 Oh St 77**, which had been certified in conflict with **Gusweiler v. Riverview Apartments, Inc., 54 Oh. Ap 132**, decided three years prior to the Anderson case, supra.

As before pointed out fifty days after December 5, 1957 would expire on January 24, 1958, while the motion of appellee was not filed until seventy days thereafter or on April 4, 1958 as above pointed out.

But even if this were not true, the motion to dismiss would have to be sustained upon another more compelling ground affecting the jurisdiction of this court. The first notice of appeal dated October 18, 1957 refers to "a judgment rendered by the Court of Common Pleas in the above entitled case on the 9th of October, 1957."

We have searched the record with care and are unable to find any judgment of the court whatsoever on that date affecting any right of

appellant. True, there was a decision handed down by the Common Pleas Court of Franklin County but a decision is not a judgment nor a final order from which an appeal may be taken. The judgment or final order in this case was not made until one month later on November 18, 1957 when the journal entry was filed incorporating the decision and ruling of the court below.

The second notice of appeal was filed December 5, 1957 and seeks to appeal from "a judgment rendered by the Court of Common Pleas in the above entitled case on the 9th day of October, 1957." This has the same infirmity as the earlier notice of appeal. There was no final judgment or order of the court below on or near that date but only a decision of the trial court, which, as we have said, is not a final order and is not appealable.

To summarize, the appellant was seventy days late with her brief and assignments of errors when the motion to dismiss was filed and seventy-seven days late when the brief actually was filed. No reason or justification was offered except merely the statement that "It was a complete oversight." In addition, an appeal is attempted on what clearly and unmistakably is not a final order.

For the reasons above set forth the motion to dismiss is well taken and must be sustained.

PETREE, PJ, MILLER, J, concur.