KOUNS, f.k.a. Pemberton, Appellee,

v.

PEMBERTON, Appellant.

[Cite as *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499.]

Court of Appeals of Ohio,
Lawrence County.

No. 92CA07.

Decided Dec. 22, 1992.

*McCown & McCown* and *David McCown,* for appellee.

*David Reid Dillon,* for appellant.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment entered by the Lawrence County Court of Common Pleas granting a change of custody of Amie Pemberton, born February 10, 1980, and Adam Pemberton, born August 16, 1981 (hereinafter referred to collectively as "the minor children"), to their mother, Connie Kouns, f.k.a. Connie Pemberton, plaintiff below and appellee herein. The father, Lawrence Pemberton, defendant below and appellant herein, assigns the following error for our review:

"The trial court erred and abused its discretion in changing custody of the minor children from defendant to plaintiff based solely upon the stated preference of the children to live with their mother."

An abbreviated summary of the facts pertinent to this appeal is as follows. Appellant has had custody of the minor children since October 1987. Appellee filed a motion to change custody on March 3, 1992, arguing that there was a "material change of circumstances" which would warrant a modification and that, in any event, both children would elect to live with their mother. Appellant filed a memorandum in opposition to the motion contending that the court had already overruled another motion to change custody several months before and that such

repetitive proceedings were causing undue "mental anguish" to the children. The matter came on for hearing on March 13, 1992. A judgment entry was filed on April 1, 1992, which, though finding no material change of circumstances, found that (1) the minor children had expressed a desire to live with their mother, (2) there was no reason why the election should not be approved, and (3) the modification was in the best interest of the children. Thus, custody of the minor children was given to appellee effective March 13, 1992. The entry then went on to say that "[t]he [c]ourt having changed custody the matter of child support to be paid by [appellant] to [appellee] *shall be reset for hearing at a later time.*" (Emphasis added.) This appeal followed.

Before addressing the merits of the error assigned for our review herein, we must first consider a threshold jurisdictional problem. Ohio law provides that the courts of appeals in this state have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *In re Christian* (July 22, 1992), Athens App. No. 1507, unreported, at 5, 1992 WL 174718. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then we must raise it *sua sponte.* See *In re Murray* (1990), 52 Ohio St.3d 155, 159–160, 556 N.E.2d 1169, 1173–1174, at fn. 2; *Whitaker–Merrell Co. v. Carl M. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 402, 280 N.E.2d 922, 924. With these principles in mind, we turn our attention to that portion of the judgment below which fails to determine child support and defers the issue for further consideration.

This court has previously determined that a judgment which defers the issue of child support for future determination is not a final appealable order for purposes of R.C. 2505.02. See *Tismo v. Tismo* (Aug. 27, 1990), Lawrence App. No. 1917, unreported, at 8, 1990 WL 127064. Although the judgment in *Tismo* had been entered in the context of original divorce proceedings, this principle has been equally applied to actions outside the initial one for divorce. See, *e.g., In re Berman* (1990), 69 Ohio App.3d 324, 329, 590 N.E.2d 809, 811 (post-divorce dependency and change of custody proceedings); see, also, *In re McBride* (July 22, 1991), Athens App. No. 1473, unreported, at 4–5, 1991 WL 136718 (custody proceedings initiated under R.C. 2151.23[A][2] ); *State ex rel. Scioto Cty. Dept. of Human Serv. v. Litreal* (July 21, 1991), Scioto App. No. 1940, unreported, at 5, 1991 WL 156403 (paternity actions). We perceive of no logical reason why the same rule would not apply in the cause *sub judice.* The judgment entered by the court below clearly contemplated further action with respect to this case, and, therefore, it did not fully determine the modification proceeding. Accordingly,

the judgment is not final and appealable for purposes of R.C. 2505.02, and we are without jurisdiction to consider the merits of this case. The appeal is, therefore, dismissed.[1]

*Appeal dismissed.*

GREY, J., concurs.

HARSHA, J., concurs separately.

HARSHA, Judge, concurring.

I concur in the dismissal because I agree that this case is distinguishable from *Evicks*. However, I do not believe that it is necessarily distinguishable from the cases of the Second, Third, and Fifth District Courts of Appeals which we cited in *Evicks, supra,* 79 Ohio App.3d at 662, 607 N.E.2d at 1093. See *Shull v. Shull* (July 31, 1990), Greene App. No. 89 CA 89, unreported, 1990 WL 115983; *Gordon v. Gordon* (1973), 33 Ohio App.2d 257, 62 O.O.2d 375, 294 N.E.2d 239; *Joseph v. Joseph* (Jan. 25, 1988), Stark App. No. CA–7126, unreported, 1988 WL 8490 (all relying on the *Amato v. Gen. Motors Corp.* [1981], 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, special proceeding balancing test). This difficult issue involving child custody arises with some frequency. Accordingly, this issue should be certified to the Supreme Court of Ohio as a conflict with the decision of the Second Appellate District in *Shull*.

---

1. This case is clearly distinguishable from our recent decision in *Evicks v. Evicks* (1992), 79 Ohio App.3d 657, 607 N.E.2d 1090, wherein this court declined to apply the rule from *Tismo* under circumstances which are markedly different from those in the cause *sub judice*.