[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Marvin R. Guttman and The Guttman Limited Partnership (collectively "Guttman") filed suit against several defendants, including Omaha Paper Stock Company ("Omaha") and JEM Recycling, Inc., ("JEM"). The complaint alleged various causes of action and included a demand for attorney fees.
The case was referred to a magistrate. Following a trial, the magistrate issued a decision that held in favor of Guttman on certain claims and against Guttman on the remaining claims. The magistrate awarded Guttman damages of $99,229.08. The magistrate's decision specifically stated that "the issue of attorney fees will be the subject of a later hearing." Omaha and JEM filed a request for findings of fact and conclusions of law. The magistrate issued an amended decision including findings of fact and conclusions of law. The amended decision stated that "the issue of attorney fees will be the subject of a later hearing." The parties filed objections to the magistrate's decision. The trial court overruled all objections and affirmed the magistrate's decision and amended decision. The trial court's entry did not contain a Civ.R. 54(B) certification that there was no just reason for delay. Omaha and JEM have appealed under case number C-990242. Guttman has appealed under case number C-990252. Upon the filing of a suggestion of death of Marvin R. Guttman, the Estate of Marvin R. Guttman, Andrew L. Guttman, Executor, was substituted as a party.
Ohio courts of appeals have jurisdiction to review final orders or judgments. See Section 3(B)(2), Article IV, of the Ohio Constitution; R.C. 2501.02 and 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. See Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 617 N.E.2d 701. A judgment that defers the adjudication of a request for attorney fees is not a final appealable order. See Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840,623 N.E.2d 232; Cole v. Cole (Nov. 8, 1993), Scioto App. No. 93CA2146, unreported; Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported; Russ v. TRW, Inc. (Feb. 2, 1989), Cuyahoga App. No. 54973, unreported.
The judgment in the case sub judice deferred the adjudication of the request for attorney fees to a later date. The judgment did not contain a Civ.R. 54(B) certification that there was no just reason for delay. Therefore, the judgment does not constitute a final appealable order. We are without jurisdiction to entertain the appeals and they must be dismissed.
Therefore, the appeals are sua sponte dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge