The City of Portsmouth appeals from the Portsmouth Municipal Court's July 21, 1999 "Judgment Entry" denying appellant's motion for summary judgment and granting appellees' motion for summary judgment on the issue of appellant's entitlement to political subdivision immunity. Appellant assigns the following errors:
Assignment of Error No. 1:
 The trial court erred to the prejudice of defendant-appellant in denying defendant-appellant's motion for summary judgment on the issue of political subdivision immunity.
 Assignment of Error No. 2:
 The trial court erred to the prejudice of defendant-appellant in granting plaintiffs-appellees' motion for summary judgment on the issue of political subdivision immunity.
We must first address the threshold question of whether the July 21st judgment is a final order. Appellees urge us to dismiss this appeal because the July 21St judgment is not a final appealable order. Appellant contends that the July 21st judgment is a final order pursuant to R.C. 2744.02 (C).
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3 (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702.
Prior to the Ohio Supreme Court's decision in State ex rel.Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451,715 N.E.2d 1062, this Court found it had jurisdiction, pursuant to R.C. 2744.02 (C), to review an order denying a political subdivision the benefit of immunity from suit. Lutz v.Hocking Tech. College (May 18, 1999), Athens App. No. 98CA12, unreported. However, the Sheward decision found that Am.Sub.H.B. No. 350, which enacted, inter alia, R.C. 2744.02 (C), is unconstitutional in toto. This finding of unconstitutionality effectively deprives this Court of its jurisdictional basis for reviewing an appeal based on R.C. 2744.02 (C). Huck v. MuskingumTownship (Dec. 22, 1999), Washington App. No. 99CA13, unreported. Accordingly, appellees' motion to dismiss is granted. Appellees' motion for attorney fees is denied.
Appeal Dismissed. Costs to Appellant.
HARSHA, J., and KLINE, P.J.: Concur.
For the Court
 ___________________________________ PETER B. ABELE Administrative Judge
The Clerk of Courts is directed to mail a copy of this Entry to all counsel at their last known addresses.