DECISION AND JUDGMENT ENTRY
Linda Sue Sexton and Tierra Dawn Sexton appeal from a decision by the Scioto County Court of Common Pleas, Domestic Relations Division, in a parentage action brought under R.C. Chapter 3111. The trial court dismissed appellee Ohio Department of Human Services ("ODHS") as a party and granted summary judgment in favor of the alleged father, appellee Francis Jefferson "Jeff" Conley, on the issue of child support. The appellants raise three assignments of error:
 "I. The trial court erred to the prejudice of the plaintiffs-appellants in overruling the objections of plaintiff's [sic]-appellants to the magistrate's decision filed on October 15, 1998, and in confirming said magistrate's decision, which decision granted defendant Francis Jefferson Conley's motion for summary judgment."
 "II. The trial court erred to the prejudice of the plaintiffs-appellants in overruling the objections of plaintiffs-appellants to the magistrate's decision filed on October 15, 1998, and in confirming said magistrate's decision, which decision dismissed the Ohio Department of Human Services as a party defendant.
 "III. The trial court erred to the prejudice of the plaintiffs-appellants in overruling the objections of plaintiffs-appellants to the magistrate's decision filed on December 29, 1998, and in confirming said magistrate's decision, which decision denied the plaintiffs' motion for findings of fact and conclusions of law."
Linda Sue gave birth to Tierra on August 14, 1973, in Portsmouth. Linda Sue knew that Mr. Conley was the likely father and filed an affidavit under Ohio's then-existing "bastardy" laws in April 1975. The case was ultimately dismissed after Linda Sue withdrew her affidavit two months later. No order was ever entered requiring Mr. Conley to pay child support for Tierra.
On August 9, 1996, Linda Sue and Tierra filed the complaint in this case, styled as a "Complaint to Establish the Father-Child Relationship." Although Tierra was five days short of her twenty-third birthday, the appellants' complaint was timely filed. See R.C. 3111.05 (action to determine paternity "may not be brought later than five years after the child reaches the age of eighteen"). The complaint named four defendants: (1) Mr. Conley; (2) ODHS; (3) the Scioto County Child Support Enforcement Agency ("CSEA"); and (4) the Pike County Department of Human Services ("Pike County DHS"). The appellants alleged that Mr. Conley was Tierra's natural father and that ODHS and/or the Pike County DHS had paid reasonable and necessary benefits for Tierra's support. Mr. Conley filed an answer denying paternity and ODHS filed a motion to dismiss; the two remaining defendants did not answer or otherwise appear in the action.
After both parties conducted discovery, Mr. Conley filed a motion for summary judgment under Civ.R. 56. The motion conceded Mr. Conley's paternity, but argued that summary judgment was appropriate on the issue of child support. Relying on Snider v.Lillie (1997), 131 Ohio App.3d 444, and dictum from Park v.Ambrose (1993), 85 Ohio App.3d 179, 183, fn. 1, Mr. Conley argued that the appellants could not collect back child support as a matter of law because Tierra had already reached the age of majority when the appellants filed their parentage action. The magistrate recommended granting Mr. Conley's summary judgment motion and ODHS's motion to dismiss. The trial court overruled the appellants' objections to the magistrate's decision and entered an order adopting the magistrate's recommendations. The appellants then commenced this appeal.
Initially, we must determine whether the judgment entered was a final appealable order. It is well-established that an order must be final before an appellate court has jurisdiction to review it. See Section 3 (B) (2), Article IV, Ohio Constitution; see, also,General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 20. If an order is not final and appealable, an appellate court must dismiss the matter for want of jurisdiction.Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501. In the event the parties do not raise the jurisdictional issue, we must raise it sua sponte. Id.[1]
To determine whether an order is final and appealable, we employ a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. If so, we then proceed to the second step, in which we determine whether the trial court was required to comply with Civ.R. 54 (B). GeneralAcc. Ins. at 21. A trial court's order is final and appealable only if the requirements of R.C. 2505.02 and Civ.R. 54 (B), if applicable, are met. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, syllabus.
R.C. 2505.02 defines five classes of "final" orders that may be reviewed by an appellate court. Relevant to this appeal is R.C.2505.02 (B) (2), which defines as final "[a]n order that affects a substantial right made in a special proceeding * * *." The Ohio Supreme Court has indicated that a parentage action is a special statutory proceeding. See State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 360. Thus, the trial court's judgment is final and appealable so long as it also affected a substantial right. The appellants' attempt to appeal the trial court's decision concerning Mr. Conley's duty to pay child support fails to satisfy this last requirement.
Even though a parentage action under R.C. Chapter 3111 is a "special proceeding" for purposes of R.C. 2505.02, a court's order in such an action does not affect a "substantial right" until there is (1) a judgment establishing paternity and (2) an adjudication of all support issues raised. Mullins v. Roe (May 15, 1998), Scioto App. No. 97CA2518, unreported; see, also, Stateex rel. Wilkerson v. Truss (1999), 133 Ohio App.3d 633, 635;State ex rel. Dixon v. Clark Cty. Court of Common Pleas, Juv.Div. (1995), 103 Ohio App.3d 523, 528; Adams v. Jett (Feb. 10, 1995), Montgomery App. No. 14636, unreported. The judgment being appealed in this case granted summary judgment in appellee Conley's favor on the issue of child support payments. The judgment did not, however, address remaining support issues, viz.
the propriety of awarding expenses relating to the mother's pregnancy. See R.C. 3111.13 (C) (upon determining existence of parent-child relationship, judgment or order "shall direct the father to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement"). We also have some concern over the fact that the court's judgment does not expressly
establish appellee Conley's paternity. The magistrate's decision, later adopted by the trial court, notes that Conley conceded paternity in his motion for summary judgment. Furthermore, after the magistrate rendered his decision, the parties stipulated to the fact that genetic tests established a 99.84 percent probability that Conley was Tierra's biological father. Nevertheless, neither the magistrate's decision nor the trial court's judgment expressly establishes paternity. On remand, the trial court should expressly enter judgment on all issues raised in the plaintiffs' complaint, i.e. paternity and all support-related issues.
In addition to ruling on the issue of child support, the magistrate's decision granted appellee ODHS's motion to dismiss the appellants' complaint against it. Thus, as to ODHS, the order was final because the appellants had no further claims pending against that particular defendant. See Chef Italiano Corp.,44 Ohio St.3d at 89. Since we have concluded that the judgment in favor of appellee Conley was not final, the appealability of ODHS's dismissal depends upon satisfaction of Civ.R. 54 (B), which provides:
 "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
(Emphasis added.)
Civ.R. 54 (B) prevents a court from entering a final appealable order as to fewer than all parties in a multiple-party action absent an express determination that there is "no just reason for delay." Id. see, also, Noble v. Colwell (1989), 44 Ohio St.3d 92,96. The rule is implicated in this case because the appellants' action remains unresolved as to the remaining parties. As we noted above, the order entered by the trial court was not final as to appellee Conley. Further, the appellants' complaint named the Scioto County CSEA and the Pike County DHS as additional defendants in this action. The trial court's order makes no disposition as to either of these parties.[2] While the appellants do not appear to set forth any cognizable cause of action against either the Scioto County CSEA or the Pike County DHS, the reality remains that the appellants' complaint, such as it is, remains pending as to these defendants.[3] Absent the required Civ.R. 54 (B) language, the court's order of dismissal as to ODHS is not appealable. See Mezerkor v. Mezerkor (1994),70 Ohio St.3d 304, 307.
For the foregoing reasons, we conclude that the appellants have attempted to appeal from an order that is not final and appealable. Accordingly, we are forced to dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of filing of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge
[1] During oral argument, this court sua sponte ordered the parties to submit supplemental briefs concerning this court's jurisdiction.
[2] The record indicates that a summons and certified copy of the appellants' complaint were served on both the Scioto County CSEA and the Pike County DHS. The record also indicates that neither defendant has appeared in the action.
[3] The appellants alleged in paragraph six of their complaint that: "Reasonable and necessary support and benefits have been paid by the State of Ohio, Department of Human Services, and/or the Pike County Department of Human Services, to and for the benefit of the Plaintiffs, for which Defendant Francis Jefferson Conley * * * is liable." This allegation is the appellants' apparent rationale for joining ODHS, Scioto County CSEA, and the Pike County DHS as parties in the action. What the appellants have never explained, however, is why these parties were joined as "defendants" in this action; indeed, the complaint does not appear to seek affirmative relief from any defendant except Mr. Conley. On remand, the trial court may wish to determine whether the appellants have joined proper parties in this matter and, if so, how these parties should be aligned. Based on the allegations in the complaint, it would appear that the appellants, Mr. Conley, and the Scioto County CSEA are proper parties to the action. See R.C. 3111.07 (A) (setting forth those persons and agencies who "shall" be made parties to a parentage action brought under R.C. 3111.01 to 3111.19). It would also appear, however, that ODHS and the Pike County DHS are not necessary parties to the action and need not be joined unless they seek to intervene. See R.C. 3111.07 (B) (providing that ODHS or a county department of human services "may intervene for purposes of collecting or recovering" any support provided by the agency).