DECISION AND JUDGMENT ENTRY
The question of whether this appeal is taken from a final appealable order was raised by the Court sua sponte in its April 12, 2000 "Entry." Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3 (B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. Unless a judgment is final pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter. A final appealable order is, inter alia, "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02 (B)(1).
This appeal is taken from the February 29, 2000 "Journal Entry" which orders that "the plaintiffs are entitled to their purchase price, plus interest, costs, and expenses associated with this action." The record reflects that appellees, the Coxes', complaint alleges that appellees, the Chances, conveyed to them a parcel of real estate which, due to a defect in the title, is not as large as it was purported to be when it was sold to the Coxes. The Coxes asked for judgment in the amount of $75,000, attorney fees, costs, and any further relief to which they are entitled. Appellee Lori Chance filed a third-party complaint against appellant for breach of warranty of title and asked for judgment in the amount of $75,000, attorney fees, costs, and any further relief to which she is entitled. Appellee Douglas Chance did not enter an appearance in the case.
We have considered appellant's jurisdictional memorandum which contends that the damages awarded can be calculated with a mechanical calculation, thus, the judgment is appealable pursuant to State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997)79 Ohio St.3d 543, 684 N.E.2d 72. Although the price that plaintiffs paid for the entire parcel of land appears to be readily ascertainable, the amount of interest, costs, and expenses remain undetermined. In addition, the judgment does not state from whom the damages are to be collected. Likewise, the February 29th judgment does not resolve the issues raised in appellee Chance's third-party complaint against appellant. Therefore, the February 29th judgment neither affects the parties' substantial rights nor determines the action and prevents a judgment.
Accordingly, we find that pursuant to R.C. 2505.02 (B)(1), the February 29, 2000 "Journal Entry" is not a final appealable order. Thus, this Court lacks jurisdiction to consider the merits of the appeal.
Appeal DISMISSED. Costs to Appellant.
Evans, J.: Concurs. Harsha, J.: Concurs with Attached Opinion.
 _______________________________ Roger L. Kline, Presiding Judge