This is an appeal from a judgment entered by the Highland County Court of Common Pleas in a post-decree divorce proceeding. The judgment entry, styled as the agreement of the parties, orders, inter alia, that appellant, Patrick B. McDonald, purchase the interest of appellee, Mary Ann McDonald, in the marital residence, for $84,000. Appellant refused to sign the entry when presented to him. He now appeals that decision, arguing that the trial court should have held an evidentiary hearing on whether both parties had agreed to the terms of the purported settlement agreement. We find that the trial court's entry was not a final appealable order; and we, therefore, dismiss the appeal.[2]
 STATEMENT OF THE CASE
The parties were married on February 7, 1987. A final decree of divorce terminating the marriage was entered on July 1, 1996. As part of the property division contained in that decree, appellant was ordered to purchase appellee's interest in the family farm, valued at $94,747.24. Appellant appealed that decision, raising several issues concerning the valuation and division of marital property. We considered the issues raised by appellant and affirmed the decision of the trial court in part, but reversed in part. We remanded the matter to the trial court to calculate a credit for the appellant's share in his ex-wife's pension plan and to properly apply this credit against the amount owed by appellant to appellee for her interest in the family farm. See McDonald v. McDonald (Aug. 27, 1998), Highland App. No. 96CA912, unreported [hereinafter McDonald I].
On February 11, 1998, prior to the release of our decision in McDonaldI, appellant filed a four-branch motion for change in custody, contempt and other relief. Branch one sought to have the trial court prohibit contact between the appellant's children and the father of appellee's husband, based on claimed verbal abuse. Branch two requested a change of custody, seeking that appellant be designated the residential parent of the children. Branch three requested that the trial court find appellee in contempt for her willful failure to endorse certain U.S. Government checks, in the aggregate amount of $5,420, which sum was payment for corn-base soil conservation for 1996 and 1997. Appellant claimed a loss in this amount because of appellee's failure to sign these checks before they expired. Branch four claimed that the appellee cashed two insurance reimbursement checks, totaling $1,208.26, for prescription expenses incurred by appellant. Appellant sought to have appellee found in contempt on this branch as well, and sought reimbursement of the $1,208.26.
On June 30, 1998, appellee filed a two-branch motion for contempt and for modification of visitation, citing appellant's failure to comply with previous orders of the court regarding visitation, and requesting either the supervision of or the termination of visitation. On July 29, 1998, appellant filed a further motion for contempt, claiming a "willful and continuing failure to provide visitation." The trial court had heard neither appellant's original motions, nor appellee's motions, when, on August 27, 1998, as noted above, we released our decision in McDonald I.
The docket indicates that the case was scheduled for a pretrial hearing before a magistrate on October 27, 1998. Appellant requested a transcript of the hearing, but it appears from the record that the hearing was not recorded. On October 29, 1998, the magistrate ordered the parties and their children to submit to psychological evaluations. The magistrate did not file any other orders or reports as a result of the hearing.
On November 13, 1998, appellant's trial counsel moved to withdraw. Appellant's counsel indicated that appellant refused to cooperate with her, and that "there [had] been an irretrievable breakdown of the attorney/client relationship." On November 23, 1998, the trial court permitted counsel to withdraw.
On December 21, 1998, the trial court filed an entry purporting to summarize an agreement entered into between the parties at the conclusion of the October 27, 1998 pretrial conference.[3] The entry addresses the property division issue remanded to the trial court in our decision inMcDonald I, stating that the value of appellant's interest in appellee's pension is $8,088.86. The entry orders appellant to purchase appellee's interest in the family farm for $94,747.24. The parties agreed that this sum due appellee would be reduced to $84,000, "as satisfying the retirement, prescription and ASCS claims of Defendant." Appellant was to pay $70,000 to appellee within thirty days from the journalization of the entry. At the same time, appellant was to tender to appellee a promissory note and mortgage for the remaining $14,000, which was to be paid within one year from the date of the note and mortgage.
The trial court's entry also states that the parties had agreed to dismiss all pending motions for contempt. The entry sets forth a schedule for summer visitation and orders appellant to deliver certain items of personal property to appellee. Save for appellant's motion for a change in custody and appellee's motion for supervised visitation, all other pending motions are dismissed by this entry.
Appellant refused to sign the trial court's December 21, 1998 entry when it was presented to him. He filed a timely notice of appeal from the entry, raising one assignment of error for our review.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING WHERE IT IS APPARENT ON THE RECORD THAT ONE PARTY TO AN AGREED ENTRY IS DISPUTING THE TERMS OF THE ENTRY.
 OPINION
Before addressing the merits of appellant's sole assignment of error, we must resolve a threshold jurisdictional issue. All final orders and judgments are reviewable on appeal. R.C. 2505.03. If an order is not final and appealable, then we are without jurisdiction to consider the merits of the case and we must dismiss the appeal. Kouns v. Pemberton (1992),84 Ohio App.3d 499, 617 N.E.2d 701. If the parties fail to raise the jurisdictional issue, then we must consider it sua sponte. In reMurray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169.
R.C. 2505.02 defines three types of final orders:
 1) An order that affects a substantial right in an action which in effect determines the action and prevents a judgment;
 2) An order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment; and
 3) An order that vacates or sets aside a judgment or grants a new trial.
An order in a case involving multiple claims or multiple parties is not final and appealable unless it complies with Civ.R. 54 (B) as well as R.C. 2505.02. Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus. In such cases, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54 (B).
In the case sub judice, the issues before the trial court were:
1) The parties' various motions for contempt;
2) Appellant's motion for change of custody;
 3) Appellant's motion for off-set credits for his insurance expenses and U.S. government checks;
4) Appellee's motion for supervised visitation; and
 5) The valuation of appellant's interest in appellee's pension plan pursuant to our decision in McDonald I.
Although the December 21, 1998 entry states that "the parties had reached an agreement concerning all pending issues," the entry only disposes of the monetary issues and the parties' various motions for contempt. The entry specifically states that appellant's motion for change of custody and appellee's motion for supervised visitation remain pending. The entry did not dispose of all of the parties' claims and the trial court did not make a determination that there was no just reason for delay. We find, therefore, that the December 21, 1998 entry is not a final appealable order pursuant to Civ.R. 54 (B). Accordingly, we dismiss the instant appeal for lack of jurisdiction.
 JUDGMENT ENTRY
It is ordered that the appeal be DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered a that special mandate issue out of this court directing the Highland County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _____________________ David T. Evans, Judge
[2] In the event that the trial court includes Civ.R. 54 (B) language in the judgment issued upon remand, we will entertain a motion to decide the case on the briefs and arguments already presented to us.
[3] We note, parenthetically, that while the October 27, 1998 pretrial hearing was not recorded, appellant made no attempt to create a record of the hearing under App.R. 9 (C) or (D), and there is no request for an order or report from the magistrate under Civ.R. 16. We encourage the trial court and the parties to remedy this, since a record of the hearing would greatly benefit our review, should appellant once again appeal an order issued by the trial court in this matter.