DECISION AND JUDGMENT ENTRY
This appeal is taken from the March 1, 2000 "Judgment Entry (Final Appealable Order)" which grants appellees' motions for summary judgment and dismisses appellants' complaint against appellees.
Appellate Courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Lawrence App. No. 00CA13Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter. Although the parties did not raise the issue, we raised it sua sponte. We have considered the memoranda filed by the parties regarding the jurisdictional issue.
Revised Code 2505.02(B) states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy
* * *."
The definition of a final order that applies to the March 1st judgment is R.C. 2505.02(B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action Lawrence App. No. 00CA13 and prevents a judgment." The March 1st judgment resolves all of appellants' claims by granting appellees' motions for summary judgment and dismissing the complaint against both appellees. However, appellees' counterclaims, both of which ask for $2,000 plus any additional costs, remain unresolved.
A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Where the trial court has resolved a complete claim, the court may enter a final judgment as to that claim by including the Civ.R. 54(B) finding that there is no just reason for delay. However, in the case sub judice, the trial court did not include Civ.R. 54(B) language in its March 1st judgment.
Accordingly, we find that the March 1st judgment is not final or appealable, thus this Court does not have jurisdiction to consider the merits of the appeal.
Lawrence App. No. 00CA13
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., and Harsha, J.: Concur.