[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Mary Boschulte, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, wherein the court ordered her to produce original documents requested by the state of Ohio, plaintiff-appellee.
 {¶ 2} Appellant is a registered nurse licensed with the state of Ohio and provides nursing services to recipients covered under Medicaid. On July 16, 2002, appellant was served with a grand jury subpoena issued by a special grand jury investigating Medicaid fraud. The subpoena requested various original documents. On July 26, 2002, appellant provided, in partial compliance with the subpoena, copies of nursing notes and billing forms. The state communicated to appellant that the subpoena requested original documents, not copies. After appellant informed the state that she would not be providing the originals, the state filed a motion for contempt on August 7, 2002. A hearing before a magistrate was held on September 6, 2002, prior to which an assistant attorney general and two special agents had the opportunity to review the original documents. No conclusions or representations were given to the court with regard to their review. The magistrate then recommended appellant be ordered to provide the original documents for 60 days, and that the state take all necessary steps to preserve the documents. Appellant objected to the magistrate's decision, and on that same day, September 6, 2002, a hearing was held before the trial court. The trial court then adopted the recommendation of the magistrate and ordered appellant to provide the state certain original documents, the state to review the documents within 60 days, provide copies of the originals to appellant, and take all necessary steps to preserve the condition of the original documents. Appellant indicated to the court that she would be appealing the judgment, and the trial court kept possession of the documents pending appeal. Appellant asserts the following assignment of error:
 {¶ 3} "The trial court order requiring appellant to relinquish all original documents to appellee for a sixty-day review and for appellant to be provided with copies of said original documents is an abuse of discretion and compliance with said order is unreasonable and oppressive under criminal Rule 17(C)."
 {¶ 4} We must first determine whether the order appellant appeals from is a final appealable order. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution. See, also, R.C. 2501.02. If a judgment is not a final appealable order, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210, fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, overruled on other grounds, (1993), 66 Ohio St.3d 1489.
 {¶ 5} The order appealed from derived from a contempt hearing. However, the trial court's order did not find appellant in contempt and did not impose a sanction for contempt. Rather, a review of the order reveals it was merely an order to compel appellant to provide the state certain original documents. Thus, we will not review the appealability of the order in the context of contempt.
 {¶ 6} R.C. 2505.02(B) indicates what is necessary for an order to be final and appealable, and provides, in pertinent part:
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 8} "* * *
 {¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 12} To satisfy the definition of "final order" contained in R.C. 2505.02(B)(4), the order at issue first must either grant or deny a "provisional remedy." Thus, we must refer to the definition of "provisional remedy" that the General Assembly provided and decide whether the order at issue arose from "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). We find an order seeking to compel the production of documents pursuant to a grand jury subpoena is a provisional remedy because it involves a proceeding that is ancillary to, i.e., attendant upon or aids the grand jury. See In re Grand Jury Subpoena Duces Tecum Directed to Keeper of Records of My Sister's Place, Athens App. No. 01CA55, 2002-Ohio-5600 (a motion to quash a grand jury subpoena was a provisional remedy because it involved a proceeding that is ancillary to the grand jury).
 {¶ 13} Further, subsections (B)(4)(a) and (b) are also satisfied. With regard to (a), clearly, the trial court's order determined the action with respect to the provisional remedy and prevented a judgment in favor of appellant with respect to the provisional remedy. The trial court ordered appellant to produce the original documents requested by the grand jury subpoena, and appellant was prevented from further withholding the original documents. With respect to (b), appellant would not have a meaningful or effective remedy by appealing the decision following the final judgment in the action because appellant would have already produced the disputed original documents. Therefore, the order appealed from was a final appealable order, and we may address the merits of appellant's assignment of error.
 {¶ 14} Appellant first contends the trial court erred because Crim. R. 17(C) does not require the production of original documents. Crim. R. 17(C) provides:
 {¶ 15} "(C) For production of documentary evidence
 {¶ 16} "A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein; but the court, upon motion made promptly and in any event made at or before the time specified in the subpoena for compliance therewith, may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that the books, papers, documents or other objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time they are offered in evidence, and may, upon their production, permit them or portions thereof to be inspected by the parties or their attorneys."
 {¶ 17} Appellant maintains that Crim. R. 17(C) does not require the production of original documents. We disagree. Crim. R. 17(C) plainly states that a subpoena may direct an individual to produce any type of document specifically requested therein without limitation. Here, the state requested originals. Further, Crim. R. 17(C) indicates that a subpoena may command a person to produce "the" documents designated therein. The word "the" suggests the original document, and the rule does not mention copies.
 {¶ 18} Appellant has also not shown that compliance with the subpoena would be unreasonable or oppressive. Obviously, appellant produced the original documents during the hearing before the magistrate without any difficulty or burden. Further, the trial court is currently in possession of said documents, and no further action by appellant is required. Also, appellant can make no claim that producing such originals for the court was in any manner oppressive or burdensome, given that pursuant to Ohio Adm. Code 5101:3-12-06(A)(9)(e), appellant was specifically required to maintain records of the services she has provided to her patients, which are the same records the state sought in the subpoena.
 {¶ 19} In addition, appellant claims that she complied with Crim. R. 17(C) by making the original documents available for inspection by the state in camera. However, Crim. R. 17(C) indicates only that the court "may" direct a party to produce documents before the court for inspection by the opposing party. Certainly, a court is not required to limit the inspection to occur in camera if there is no reason why the parties cannot follow the usual and customary practice of producing documents without court involvement. Here, the court found no justifiable reason why the documents could only be produced and inspected in its presence. Further, although appellant argues the one-hour inspection by the state's "experts" was sufficient, the "experts" were merely inspectors and were not trained in forensics. The state contends the original documents are necessary for complete and accurate forensic testing, and appellant does not controvert the need for such. Also, the inspectors did not "review" the original documents, and only compared the copies to the originals. Regardless, the court's permission to the state to view the documents for 60 days was insufficient to satisfy the subpoena, which clearly requested appellant to produce the originals for the grand jury to investigate.
 {¶ 20} In addition, we find appellant's reasons for not wanting to produce the original documents unavailing. Appellant's only reason for failing to produce the originals is that she fears the original documents will be altered, lost, or destroyed. However, appellant's fear is unsubstantiated. Therefore, appellant's assignment of error is overruled.
 {¶ 21} Accordingly, we overrule appellant's assignment of error, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and LAZARUS, JJ., concur.