[Cite as *CACH, L.L.C. v. Rutter* , 2010-Ohio-4876.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| CACH, LLC, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No.  09CA33 |
| | : | |
| vs. | : | **Released: October 4, 2010** |
| | : | |
| BEVERLY RUTTER, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellee. | : | |

_____
<u>APPEARANCES</u>:

Lawrence J. Roach, The Law Office of Larry Roach, Copley, Ohio, for
Appellant.

Beverly Rutter, The Plains, Ohio, Appellee, pro se. [1]

_____

McFarland, P.J.:

{¶1} Appellant, Cach, LLC, appeals from a decision of the Athens

County Municipal Court granting summary judgment in its favor, as against

Appellee, Beverly Rutter.  On appeal, Appellant contends that the trial court

erred in only granting judgment for $1,380.64, which was based upon

Appellant's submission of a partial ledger history, but was not in

conjunction with discovery responses.  Because we find that the decision

---

[1] Appellee has elected not to file a brief on appeal.  Accordingly, by Magistrate's Order dated February 2,
2010, we deemed this matter submitted without further participation of Appellee.

and journal entry did not constitute a final, appealable order, we dismiss Appellant's appeal.

FACTS

{¶2} On January 20, 2009, Appellant, Cach, LLC filed a complaint and first request for admissions against Appellee, Beverly Rutter.  In the complaint, Appellant alleged that it became the owner, by virtue of assignment, of an account issued to Appellee from GE Electric Corp/GE Money Bank.  The complaint further alleged that the account in question was canceled due to Appellee's failure to abide by the terms of the agreement.  Thus, Appellant's complaint sought damages in the amount of $4,325.32 owing on the account plus pre-judgment interest at a rate of 5% in the amount of $421.27; post-judgment interest thereafter at the statutory rate of 5%; all court fees and costs associated with the matter; and all other relief available in equity or law.

{¶3} Attached to the complaint were exhibits A through C, which consisted of an affidavit attesting to the original issuance of the account to Appellee and subsequent sale of the account to Appellant, multiple monthly statements that were sent to Appellee, and a copy of a Wal-Mart Business Revolving Credit Account Agreement.  Appellee responded to Appellant's first request for admissions, denying each admission on the basis that the

account number listed in the request for admissions differed from her

original account number.[2]  Appellant then issued a second request for

admissions.  Appellee's responses again denied the requests, claiming that

her card was a Wal-Mart card issued by Wal-Mart, not GE Money Bank.

{¶4} Appellant subsequently filed for summary judgment on the

account.  It then filed a third request for admissions, to which Appellee

failed to respond.  After considering Appellant's motion, as well as an

account ledger history submitted by Appellant at the request of the court, the

court deemed Appellant's third request for admissions to be admitted and

also granted summary judgment in favor of Appellant.  Specifically, the trial

court's August 18, 2009, "Journal Entry" provides as follows:

"DECISION:  Summary Judgment is granted to Plaintiff against Defendant
in the amount of $1,380.64 plus interest at 5% per annum from this date."

Appellant timely appealed this grant of summary judgment in its favor,

assigning a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN ONLY GRANTING JUDGMENT
       FOR $1,380.64 WHICH WAS BASED UPON PLAINTIFF'S
       SUBMISSION OF A PARTIAL LEDGER HISTORY BUT NOT IN
       CONJUNCTION WITH DISCOVERY RESPONSES."

---

[2] Appellant alleged in the complaint that upon assignment of the account, the account number was changed
from 6032203161644124 to 14035180070109307.

## ASSIGNMENT OF ERROR I

{¶5} In his first assignment of error, Appellant contends that the trial court erred in only granting summary judgment for $1,380.64, which was based upon Appellant's submission of a partial ledger history, but was not in conjunction with discovery responses. As set forth above, Appellant's initial filing was a complaint on an account. In its complaint, Appellant requested 1) judgment against Appellee in the amount of the $4,325.32 owing on the account, plus pre-judgment interest at a rate of 5% in the amount of $421.27; 2) post-judgment interest thereafter at the statutory rate of 5%; and 3) all court fees and costs. The record indicates that after Appellant moved the court for summary judgment, it filed a third request for admissions to which Appellee failed to respond. In its entry granting summary judgment, the trial court deemed admitted Appellant's third request for admissions; however, it only granted what appears to be partial summary judgment in the amount of $1,380.64, which is based upon a partial ledger[3] submitted by Appellant, at the request of the court, rather than the amount demanded in the complaint or in the admissions.

{¶6} Before we address the merits of this case, we must first address a threshold jurisdictional problem. Ohio courts of appeals only have appellate

---

[3] Although Appellant makes reference to the trial court's request and consideration of partial ledger, it does not appear that the document was included in the record before us on appeal.

jurisdiction to review "final orders" of inferior courts within their district.

Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A). A final

order is one that, inter alia, actually disposes of the case. See *State Auto.*

*Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-

1713, 844 N.E.2d 1199, at ¶ 10. If a judgment is not final and appealable, we

have no jurisdiction to review the matter and the case must be dismissed.

*Mortgage Electronic Registrations Systems v. Mullins*, 161 Ohio App.3d 12,

2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17; *Prod. Credit Assn. v. Hedges*

(1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2; *Kouns v.*

*Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. Further,

"[a]lthough neither party raised the question of whether the trial court's order

was final, an appellate court is permitted to do so sua sponte. *Chef Italiano*

*Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86." *Schneider, et al. v.*

*Sherman, et al.*, Shelby App. No. 17-91-11, 1991 WL 256501.

{¶7} In the case presently before us, we do not believe that the trial

court's August 18, 2009, "Journal Entry" fully disposes of the case. Rather,

the document appears to simply be a partial grant of summary judgment in

the amount of $1,380.64, but does not dismiss the case or enter judgment for

the victorious party. See, *Bapst, et al. v. Goodwin, et al.*, Pike App. No.

08CA780, 2009-Ohio-6244 (holding that the trial court's "decision and

journal entry" that granted "defendant's motion for summary judgment[,]" but did not make actual disposition of the case did not constitute a final order.); See, also, *Schneider*, supra, (reasoning, based upon language similar to the language in the entry sub judice, that the court's journal entry was not a final, appealable order, partly because "the order simply granted plaintiff's motion for summary judgment.  It did not render that judgment.").

{¶8} As we reasoned in *Bapst*, supra: "Ordinarily, judgments set out the rights of the parties to a lawsuit. See *Minix v. Collier* (Jul. 16, 1999), Scioto App. No. 98CA2619. Any document that purports to constitute a judgment should contain sufficient language to terminate the action. See *Vanest v. Pillsbury, Co.* (1997) 124 Ohio App.3d 525, 534, 706 N.E.2d 825, at fn. 4; *McCall v. Ohio State Racing Comm.* (Dec. 14, 1993), Franklin App. No. 93APE09-1216. A decision, however, is not a judgment from which an appeal will lie. *Laws v. Board of Liquor Control* (1958), 106 Ohio App. 233, 236, 153 N.E.2d 165." *Bapst* at ¶9.

{¶9} The entry here does not dispose of the case and, as such, cannot be considered a final order.  The entry does not dismiss Appellant's claim as to the remaining principal amount demanded in the complaint, nor does it address Appellant's claims for pre-judgment interest.  Further, and as in *Bapst*, the entry does not assess court costs pursuant to Civ.R. 54(D), which

further illustrates that it does not constitute a final order.  In light of our determination that the judgment appealed from is not a final appealable order, we are without jurisdiction to consider Appellant's assigned error. Accordingly, Appellant's appeal is dismissed.

**APPEAL DISMISSED.**

Harsha, J., dissenting:

{¶10} Based upon the rationale of our prior opinion in *Jones v. McAlarney Pools, Spas & Billiards, Inc.*, Washington App. No. 07CA34, 2008-Ohio-1365, and its interpretation of *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, I respectfully dissent.

{¶11} I do not view the requests in the prayer for relief as claims or causes of action that must be explicitly addressed.  Rather in keeping with *Jones*, I view them as having been overruled sub silentio to the extent they were not addressed.  Furthermore, I do not view the court's award of less than the amount requested in the prayer for relief as indicating the court has anything else to decide.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Dissenting Opinion.


For the Court,


BY:   _____
        Matthew W. McFarland
        Presiding Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**