[Cite as *In re B.J.G.*, 2010-Ohio-5195.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

IN THE MATTER OF B.J.G.          :

    Adjudicated Delinquent        :    Case No.  10CA894
    Child and Serious Youthful  Offender.   :
                                       DECISION AND JUDGMENT ENTRY

                                       :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Timothy Young, Ohio Public Defender, and Amanda
J. Powell, Assistant Ohio Public Defender, 250 East
Broad Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:    Chris Van Harlingen, Special Prosecuting Attorney,
and Aaron Haslam, Adams County Prosecuting
Attorney, 110 West Main Street, Room 112, West
Union, Ohio 45693

_____
CIVIL APPEAL FROM COMMON PLEAS COURT, JUVENILE DIVISION
DATE JOURNALIZED: 10-18-10

ABELE, J.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court, Juvenile Division, delinquency adjudication.   B.J.G., appellant herein, was pursuant to R.C. 2152.02, found to be a delinquent child for having committed the offenses of (1) rape in violation of R.C. 2907.02 (A)(1)(b); and (2) attempted rape in violation of R.C. 2923.02(A) & 2907.02(A)(1)(b).

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ORDERED B.J.G.
TO BE SUBJECT TO COMMUNITY NOTIFICATION."

SECOND ASSIGNMENT OF ERROR:

"B.J.G. WAS DENIED THE EFFECTIVE ASSISTANCE OF
COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT
TO THE IMPOSITION OF COMMUNITY NOTIFICATION."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT CLASSIFIED B.J.G.
AS A PUBLIC REGISTRY-QUALIFIED JUVENILE
OFFENDER REGISTRANT, AS R.C. 2152.86 VIOLATES
HIS RIGHT TO DUE PROCESS AS GUARANTEED BY
THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION AND ARTICLE I, SECTION 16
OF THE OHIO CONSTITUTION."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT CLASSIFIED B.J.G.
AS A PUBLIC REGISTRY-QUALIFIED JUVENILE
OFFENDER REGISTRANT AS R.C. 2152.86 VIOLATES
HIS RIGHT TO EQUAL PROTECTION UNDER THE LAW."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT CLASSIFIED B.J.G.
AS A PUBLIC REGISTRY QUALIFIED JUVENILE
OFFENDER REGISTRANT, IN VIOLATION OF THE
PROHIBITION AGAINST CRUEL AND UNUSUAL
PUNISHMENTS."

{¶ 3} B.J.G. was seventeen years old during the summer of 2008 when his

father's girlfriend observed him on a couch with her five year old son.[1] The five year

---

[1] Appellant's date of birth is September 26, 1990. Thus, although he was an adult at the time of the trial court proceedings, he was a juvenile at the time he committed the offenses.

old's head was in B.J.G.'s lap and the older boy moved his head up and down in what

appeared to be fellatio.   Adams County Children Services subsequently received a

referral of possible sexual abuse.

{¶ 4}   The Adams County Grand Jury returned an indictment, with serious

youthful offender specifications, that charged B.J.G. with three counts of rape and one

count of attempted rape.   Not guilty pleas were entered on his behalf.

{¶ 5}   On February 10, 2010, B.J.G. entered an admission to counts I (rape) and

IV(attempted rape).   The trial court accepted those pleas and, in an entry filed that day,

adjudicated him a delinquent child.   The following month, the matter came on for

hearing at which time B.J.G. was adjudicated a Tier III sex offender and sentenced to

the Ohio Department of Youth Services for a minimum period of one year, not to

exceed his twenty-first birthday.   As a serious youthful offender, the court also

sentenced B.J.G. (1) to life imprisonment, with parole eligibility after ten years, on the

rape count and (2) eight years imprisonment on the attempted rape count.   The court

ordered the sentences to be served concurrently with one another.[2]   This appeal

followed.

{¶ 6}   Before we address the merits of the assignments of error, however, we

must first address a threshold jurisdictional issue.   Ohio courts of appeals have

appellate jurisdiction over "final appealable orders."   Section 3(B)(2), Article IV of the

Ohio Constitution.   If a judgment is not a final order, then an appellate court has no

---

[2] We believe that the trial court intended to order that the sentences be served concurrently.   We note, however, that the trial court's language is somewhat unclear ("sentences to be served concurrent with or consecutively to, each other.").

jurisdiction to consider it and the appeal must be dismissed. See <u>Davison v. Rini</u> (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; <u>Prod. Credit Assn. v. Hedges</u>, 87 Ohio Ap.3d 207, 210, fn. 2, 621 N.E.2d 1360. Furthermore, even if the parties do not raise jurisdictional issues on appeal, courts must raise them sua sponte once they become apparent. See <u>In re Murray</u> (1990), 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, at fn. 2; <u>Whitaker-Merrell v. Geupel Co.</u> (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶ 7} In the case sub judice, the jurisdictional problem at issue is that the second and third counts of the indictment have not been resolved. The Juvenile Court specified in its February 10, 2010 "Change of Plea and Judgment Entry" that, after sentencing, the State would dismiss those counts. We find no such dismissal in the record, however.

{¶ 8} When an indictment count is unresolved and still pending, there is no final, appealable order. <u>State v. Wyant</u>, Scioto App. No. 08CA3264, 2009-Ohio-5200, at ¶10; <u>State v. Rothe</u>, Fairfield App. No. 2008CA44, 2009-Ohio-1852, at ¶10; <u>State v. Goodwin</u>, Summit App. No. 23337, 2007-Ohio-2343, at ¶13. Thus, until such time as counts II & III of the indictment are resolved, we have no jurisdiction to consider this matter and this appeal is hereby dismissed.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.