[Cite as *State v. Carver*, 2012-Ohio-3479.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA3377 |
| | : | |
| vs. | : | **Released: July 24, 2012** |
| | : | |
| DAVID L. CARVER, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

George L. Davis, IV, George L. Davis, III Co., L.L.C., Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. Appellant, David L. Carver, plead guilty to: 1) an amended charge of voluntary manslaughter in violation of R.C. 2903.03; 2) having a weapon under disability in violation of R.C. 2923.13(A)(2); and 3) tampering with evidence in violation of R.C. 2921.12(A), in addition to firearm and repeat violent offender specifications. On appeal, Appellant contends that the trial court abused its discretion in imposing sentence. However, in light of our initial determination that the

trial court's judgment entry does not constitute a final, appealable order, we dismiss the appeal for lack of jurisdiction.

FACTS

{¶2} In the early evening of July 22, 2009, Crystal Bennett was shot in the Scioto Trail area of Portsmouth. When police first arrived at the scene, Appellant reported that he and the victim (his girlfriend) were victims of a robbery gone awry. Appellant, however, changed his account of the events several times that evening and, eventually, admitted that he held the gun when it fired. Bennett later died.

{¶3} The Scioto County Grand Jury returned an indictment that charged Appellant with two counts of murder, possession of a weapon while under disability and tampering with evidence, along with firearm and repeat violent offender specifications. Appellant initially pled not guilty, but later agreed to plead guilty to an amended count of voluntary manslaughter as well as the non-homicide counts.

{¶4} At the May 19, 2010, hearing, the trial court endeavored to determine if Appellant was familiar with his rights and if his plea was knowing and voluntary. The court accepted Appellant's plea, found him guilty of the three charges and sentenced him to serve ten years imprisonment for voluntary manslaughter, four years for having a weapon

under disability, four years for tampering with evidence, three years on the firearm specification and nine years on the repeat violent offender specification with the sentences to be served consecutively for an aggregate total of thirty years in prison.  Appellant now appeals, assigning the following error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING
        SENTENCE."

LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant contends that the trial court abused its discretion in imposing sentence.  However, before we reach Appellant's assignment of error, we must first address a threshold jurisdictional issue.  Ohio appellate courts have appellate jurisdiction over "final orders."  Section 3(B)(2), Article IV of the Ohio Constitution.  If a judgment is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed.  *Davison v. Rini*, 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, FN.2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992).  Furthermore, even if the parties do not raise jurisdictional issues on appeal, an appellate court is required to raise them sua sponte.  See *In re*

*Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, FN.2 (1990);

*Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922

(1972).

{¶6} In the case sub judice, the jurisdictional issue is that one count of the indictment appears to remain pending. The trial court's June 8, 2010, entry reveals that count two was amended to charge voluntary manslaughter. Appellant pled guilty to that count, as well as counts three and four, but we find no formal disposition of count one. When an indictment counts remains unresolved and is pending, there is no final order. *In re B.J.G.*, 4th Dist. No. 10CA894, 2010-Ohio-5195, ¶ 7. Because our review of the record indicates that the first count of the indictment charging murder remains unresolved and is still pending, there is no final order and we must, therefore, dismiss the appeal for lack of jurisdiction.

{¶7} In reaching this decision, we are mindful of the minority's approach, and we understand that approach, based upon concerns of judicial economy. However, we believe that the minority approach ignores a fundamental principle of the allied offenses of similar import statute. Particularly, "[t]he General Assembly has made clear that it is the State that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses." *State v. Whitfield*, 124 Ohio St.3d 319,

2010-Ohio-2, 922 N.E.2d 182, ¶ 20.  Here, because the murder count is unresolved and still pending, Appellant could still be convicted of murder. And if Appellant were to be convicted of murder, the State could still choose to pursue sentencing for the murder conviction instead of the voluntary manslaughter conviction.  As the State chooses which allied offense to pursue, the voluntary manslaughter conviction cannot render the pending murder count moot.  As such, we find that the trial court's judgment entry is not final and appealable.

{¶8} Accordingly, the appeal is dismissed.

**APPEAL DISMISSED.**

Abele, P.J., Dissenting:

{¶9} I respectfully dissent.  Although I concede the fact that count one of the indictment appears to remain pending and raises a jurisdictional question, in the case before us I do not believe that we have been deprived of jurisdiction and that we may, in fact, address the merits of the appeal.

{¶10} In the case sub judice, the jurisdictional issue is that one count of the indictment appears to remain pending.  The trial court's June 8, 2010 entry reveals that count two was amended to charge voluntary manslaughter. Appellant pled guilty to that count, as well as counts three and four, but I find no formal disposition of count one.  When an indictment count remains

unresolved and is pending, there is no final order.  In re B.J.G., Adams App.

No. 10CA894, 2010-Ohio-5195, at ¶7; State v. Wyant, Scioto App. No.

08CA3264, 2009-Ohio-5200, at ¶10; State v. Rothe, Fairfield App. No.

2008CA44, 2009-Ohio-1852, at ¶10; State v. Goodwin, Summit App. No.

23337, 2007-Ohio-2343, at ¶13.  Ordinarily, the fact that a count has not

been resolved would require the dismissal of the appeal.  However, when a

trial court's judgment renders moot any claims that have not been formally

resolved, Ohio law recognizes the existence of a final, appealable order,

notwithstanding the fact that, technically, a claim remains pending.  See

General Acc. Ins. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 21, 540

N.E.2d 266; Wise v. Gursky (1981), 66 Ohio St.2d 241, 421 N.E.2d 150, at

the syllabus.  Admittedly, I have located only one Ohio criminal case that

has applied this principle.  See e.g. State v. Singleton (Nov. 4, 1985),

Cuyahoga App. No. 49965.  Nevertheless, I believe it is appropriate to apply

that principle here.

{¶11} In the case sub judice, counts one and two of the indictment

both charged appellant with the murder of Crystal Bennett, albeit under

different theories.  R.C. 2941.25(A) states "[w]here the same conduct by [a]

defendant can be construed to constitute two or more allied offenses of

similar import, the indictment . . . may contain counts for all such offenses,

but the defendant may be convicted of only one." Here, only one murder occurred in this case. Appellant may have been charged under two different counts of the indictment, but he could be convicted for only one. Thus, a conviction on the amended count of voluntary manslaughter (count two) renders moot the charge brought against him in count one. Consequently, because appellant cannot be convicted twice for the same homicide, his guilty plea on the amended second count of the indictment rendered moot the murder charge under count one. Although count one arguably remains pending, I would nevertheless conclude that a final appealable order exists and proceed to address the merits of appellant's assignment of error.

{¶12} I recognize that the majority opinion, citing State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, attaches great significance to the proposition that the State should be afforded the opportunity to choose which of the allied offenses to pursue at sentencing, and that it may choose any of the allied offenses. While I certainly agree with this general proposition, I do not believe that it is applicable in the case at bar. Here, the convictions resulted from a plea agreement, with the full cooperation and participation of the State. Thus, I believe it is apparent that the State has already had the opportunity to choose and that it opted to pursue a voluntary manslaughter conviction.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J.: Concurs in Judgment in Opinion.
Abele, P.J.: Dissents with Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**