[Cite as *State v. Frye*, 2013-Ohio-3307.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3499 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| TRACY A. FRYE, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 07/22/13** |

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Prosecuting Attorney, and Pat Apel, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

McFarland, P.J.

{¶1} Tracy A. Frye appeals from his conviction and sentence imposed by the Scioto County Court of Common Pleas after he pled guilty to four felony drug trafficking offenses. On appeal, Appellant contends that the trial court improperly denied his presentence motion to withdraw his guilty pleas. Because the order appealed from is not a final, appealable order, we lack jurisdiction to consider the merits of Appellant's assignment of error and therefore must dismiss the appeal. Accordingly, this matter is dismissed.

FACTS

{¶2} On March 1, 2011, Appellant was indicted on twelve counts of drug possession and drug trafficking. More specifically, Appellant was indicted on six felony drug trafficking counts in violation of R.C. 2925.03, five felony drug possession counts in violation of R.C. 2925.11, and one misdemeanor drug possession count in violation of R.C. 2925.11. The indictment also included a forfeiture specification. Although Appellant initially pled not guilty to the charges contained in the indictment, on September 20, 2011, pursuant to a negotiated plea agreement with the State, Appellant entered guilty pleas to Counts 1, 3, 5, and 9 of the indictment. The matter was scheduled for a later sentencing hearing.

{¶3} Prior to Appellant's scheduled sentencing hearing, Appellant moved the trial court for withdrawal of his previously entered pleas. The trial court held a hearing on Appellant's motion to withdraw his pleas on January 18, 2012, and by judgment entry dated May 7, 2012, the trial court denied Appellant's motion. The matter proceeded to sentencing on May 31 and June 6, 2012, and the trial court issued its judgment entry on July 5, 2012. It is from this judgment entry that Appellant brings his appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    MR. FRYE WAS IMPROPERLY DENIED WITHDRAWAL OF HIS
       PLEA."

LEGAL ANALYSIS

{¶4}  In his sole assignment of error, Appellant contends that the trial court improperly denied his motion to withdraw his pleas.  However, before we reach Appellant's assignment of error, we must first address a threshold jurisdictional issue. Ohio appellate courts have appellate jurisdiction over "final orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. Carver*, 4th Dist. No. 10CA3377, 2012-Ohio-3479, ¶ 5; *Davison v. Rini*, 115 Ohio App. 3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, FN.2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992). Furthermore, even if the parties do not raise jurisdictional issues on appeal, an appellate court is required to raise them sua sponte. See *In re Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, FN.2 (1990); *Whitaker–Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶5}  In the case sub judice, a jurisdictional problem exists in that eight counts of the twelve count indictment appear to remain pending. As set

forth above, Appellant was indicted on twelve different counts of drug possession and/or drug trafficking.  Appellant pled guilty to four drug trafficking counts, specifically Counts 1, 3, 5, and 9.  However there is nothing in the record to indicate that the eight remaining counts were ever dismissed or otherwise disposed of.  When an indictment count remains unresolved and is still pending, there is no final order. *In re B.J.G.*, 4th Dist. No. 10CA894, 2010-Ohio-5195, ¶ 7. Because our review of the record indicates that Counts 2, 4, 6, 7, 8, 10, 11 and 12 remain unresolved and are still pending, there is no final order and we must, therefore, dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**