[Cite as *State v. Frye*, 2013-Ohio-5872.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3572 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| TRACY A. FRYE, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 12/24/13** |

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Pat Apel, Assistant Scioto County Prosecutor, Portsmouth, Ohio, for Appellee.

McFarland, P.J.

{¶1} Tracy A. Frye appeals from his conviction and sentence imposed by the Scioto County Court of Common Pleas after he pled guilty to four felony drug trafficking offenses. On appeal, Appellant contends that the trial court improperly denied his presentence motion to withdraw his guilty pleas. Because the order appealed from is not a final, appealable order, we lack jurisdiction to consider the merits of Appellant's assignment of error and therefore must dismiss the appeal. Accordingly, this matter is dismissed.

FACTS

**{¶2}** On March 1, 2011, Appellant was indicted on twelve counts of drug possession and drug trafficking. More specifically, Appellant was indicted on six felony drug trafficking counts in violation of R.C. 2925.03, five felony drug possession counts in violation of R.C. 2925.11, and one misdemeanor drug possession count in violation of R.C. 2925.11. The indictment also included a forfeiture specification. Although Appellant initially pled not guilty to the charges contained in the indictment, on September 20, 2011, pursuant to a negotiated plea agreement with the State, Appellant entered guilty pleas to Counts 1, 3, 5, and 9 of the indictment. The matter was scheduled for a later sentencing hearing.

**{¶3}** Prior to Appellant's scheduled sentencing hearing, Appellant moved the trial court for withdrawal of his previously entered pleas. The trial court held a hearing on Appellant's motion to withdraw his pleas on January 18, 2012, and by judgment entry dated May 7, 2012, the trial court denied Appellant's motion. The matter proceeded to sentencing on May 31 and June 6, 2012, and the trial court issued its judgment entry on July 5, 2012. The trial court's July 5, 2012, judgment entry imposing sentence incorrectly stated that Appellant had pled guilty to and was thus being sentenced on counts 1, 5, 7 and 9, rather than counts 1, 3, 5, and 9, as

indicated in both the plea and sentencing hearing transcripts, as well as the September 23, 2011, judgment entry issued after the change of plea hearing.

{¶4} Appellant filed a direct appeal from his conviction and sentence but this Court dismissed the appeal for lack of a final, appealable order upon finding that the record indicated that Appellant had pled guilty to counts 1, 3, 5, and 9, but that the remaining eight counts, which were counts 2, 4, 6, 7, 8, 10, 11 and 12, had not been dismissed. *State v. Frye*, 4th Dist. Scioto No. 12CA3499, 2013-Ohio-3307. Subsequent to our dismissal, the trial court filed an entry of dismissal on August 14, 2013, purporting to dismiss the remaining counts. Specifically, the entry of dismissal states that Appellant was sentenced on counts 1, 5, 7, and 9, and goes on to dismiss counts 2, 3, 4, 6, 8, 10, 11 and 12 of the indictment. Appellant now appeals to this Court once again, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    MR. FRYE WAS IMPROPERLY DENIED WITHDRAWAL OF HIS
       PLEA."

LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant contends that the trial court improperly denied his motion to withdraw his pleas. Unfortunately, before we reach Appellant's assignment of error, we must again address a threshold jurisdictional issue. Ohio appellate courts have appellate

jurisdiction over "final orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. Carver*, 4th Dist. Scioto No. 10CA3377, 2012-Ohio-3479, ¶ 5; *Davison v. Rini*, 115 Ohio App. 3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, FN.2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992). Furthermore, even if the parties do not raise jurisdictional issues on appeal, an appellate court is required to raise them sua sponte. See *In re Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, FN.2 (1990); *Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶6} Much like the last time we considered this case, a jurisdictional problem exists. As indicated above, Appellant pled guilty to four counts of the indictment, specifically, counts 1, 3, 5, and 9. The trial court's judgment entry states in error that Appellant pled guilty to counts 1, 5, 7 and 9. We dismissed this matter for lack of a final, appealable order, stating that counts 2, 4, 6, 7, 8, 10, 11, and 12 remained pending. Instead of dismissing the remaining counts detailed in our prior decision and correcting the judgment entry to properly reflect the counts Appellant had pled to, the trial court left

the judgment as is and filed an additional entry of dismissal, dismissing counts, 2, 3, 4, 6, 8, 10, 11 and 12.

{¶7} This is problematic in several respects.  First, the judgment entry dated July 5, 2012, is incorrect.  Second, the entry of dismissal filed on August 12, 2013, dismisses count 3, which Appellant clearly pled guilty to. Finally, the entry of dismissal still fails to dismiss count 7, a count which Appellant did not plead guilty to and should have been dismissed.  When an indictment count remains unresolved and is still pending, there is no final order.  *In re B.J.G.*, 4th Dist. Adams No. 10CA894, 2010-Ohio-5195, ¶ 7. Because our review of the record indicates that count 7 remains unresolved and is still pending, there is no final order and we must, therefore, dismiss the appeal for lack of jurisdiction.  We point out these additional problems with the record in order that they may be corrected post-appeal.

**APPEAL DISMISSED.**

**JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**