[Cite as *State v. Lawson*, 2014-Ohio-457.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA18 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| CASPER LAWSON, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 02/04/14** |

<u>APPEARANCES</u>:

Chase R. Carter, Chillicothe, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

McFarland, J.

{¶1} Casper Lawson appeals from his convictions and sentences imposed by the Highland County Court of Common Pleas after a jury found him guilty of two counts of rape, both first degree felonies, in violation of R.C. 2907.02(A)(1)(b), one count of gross sexual imposition, a third degree felony, in violation of R.C. 2907.05(A)(4), and fifteen counts of illegal use of a minor in nudity oriented material or performance, all fifth degree felonies, in violation of R.C. 2907.323(A)(3). On appeal, Appellant asserts one assignment of error, contending that the trial court erred in allowing Ms.

Cecilia Freihofer to testify to out-of-court statements by the victims, in violation of the Rules of Evidence, specifically Evid.R. 803 and 807.

{¶2} Because the order appealed from is not a final, appealable order, we lack jurisdiction to consider the merits of Appellant's assignment of error and therefore must dismiss the appeal. Accordingly, this matter is dismissed.

## FACTS

{¶3} Appellant, Casper Lawson, was indicted on January 21, 2013, after a minor child, F.K. and her parents reported a sexual assault to the Highland County Sheriff's Department. As part of the report, F.K. and her family provided law enforcement with a cell phone belonging to Appellant, which contained several photographs believed to be of juveniles engaging in sexual conduct. In response to the report, Appellant agreed to come to the Sheriff's office to be interviewed. A search warrant was subsequently obtained and executed as to Appellant's camper as well as the phone. Once inside Appellant's camper, a metal box was located and a VHS tape was seized from it.[1]

---

[1] It was determined that the VHS tape contained sexually graphic images of Appellant's daughter Z.C.'s half sister, S.C., who had spent the night at Appellant's home on several occasions. S.C. and Z.C. shared the same mother but had different fathers. S.C. was approximately thirteen years old at the time the video was made.

{¶4} As a result of the report that was made, the interview of Appellant and the findings after the execution of the search warrant, Appellant was indicted on two counts of rape, both first degree felonies, in violation of R.C. 2907.02(A)(1)(b), one count of gross sexual imposition, a third degree felony, in violation of R.C. 2907.05(A)(4), and twenty four counts of illegal use of a minor in nudity oriented material or performance, all fifth degree felonies, in violation of R.C. 2907.323(A)(3). The matter was tried to a jury on July 11, 2013.

{¶5} The State presented several witnesses at trial, including Mitchell Machor, a computer forensic analyst with the State of Ohio Bureau of Criminal Investigation, Sergeant Richard Warner of the Highland County Sheriff's Department, F.K.,[2] the child who made the initial report to law enforcement and friend of Appellant's daughter Z.C., Z.C.,[3] Appellant's daughter, and S.C., Z.C.'s half sister. Of importance to the case sub judice, the State also presented the testimony of Cecilia Freihofer, a forensic interviewer and licensed social worker employed at the Mayerson Center for Safe and Healthy Children, located at Cincinnati Children's Hospital. Appellant testified on his own behalf and presented no other witnesses.

---

[2] F.K. was approximately nine years old at the time the abuse began and was approximately eleven years old at the time the report was made to police.

[3] Z.C. was approximately ten years old when the abuse incident occurred and was approximately twelve years old when the report was made to police.

{¶6} During trial, Appellant objected to the State's use of Cecilia Freihofer. Specifically, Appellant objected to the allowance of testimony regarding statements made by F.K. and Z.C. during forensic interviews conducted by Ms. Freihofer at the Mayerson Center. Over the objection of Appellant, the trial court allowed the evidence pursuant to the Evid.R. 803(4) hearsay exception, which excepts from hearsay statements made for the purposes of medical diagnosis or treatment. It is the allowance of the testimony of Cecilia Freihofer that is the subject of the current appeal.

{¶7} After hearing the evidence, the jury found Appellant guilty of both rape counts, the single count of gross sexual imposition, as well as fifteen counts of the twenty-four counts of illegal use of a minor in nudity oriented material of performance. In its July 12, 2013, entry of conviction the trial court stated that the jury found Appellant not guilty of eight counts of illegal use of a minor in nudity oriented material or performance, specifically, counts 5, 9, 12, 13, 14, 17, 19 and 20. Appellant was sentenced to a total of 165 months imprisonment for the fifteen counts of illegal use of a minor in nudity oriented material or performance, to be served consecutively to 60 months on the count of gross sexual imposition. In addition to that Appellant was sentenced to two terms of life imprisonment, to be served consecutively to each other and consecutively to the 225

months imposed on the other counts.  It is from this decision that Appellant

now brings his appeal, setting forth a single assignment of error for our

review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED BY LETTING MS. CECILIA
       FREIHOFER TESTIFY TO COMMENTS MADE TO HER BY THE
       VICTIMS [Z.C.] AND [F.K.] OVER OBJECTIONS BY THE
       DEFENSE AS TO HEARSAY."

LEGAL ANALYSIS

{¶8}  In his sole assignment of error, Appellant contends that the trial

court erred by letting Ms. Cecilia Freihofer testify to comments made to her

by the victims, over Appellant's objections, which were based upon hearsay

grounds.  Before we reach Appellant's assignment of error, we must address

a threshold jurisdictional issue. Ohio appellate courts have appellate

jurisdiction over "final orders." Section 3(B)(2), Article IV of the Ohio

Constitution.  If a judgment is not a final order, an appellate court has no

jurisdiction to consider it and the appeal must be dismissed. *State v. Carver*,

4th Dist. Scioto No. 10CA3377, 2012-Ohio-3479, ¶ 5; *Davison v. Rini*, 115

Ohio App. 3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); *Prod. Credit Assn.

v. Hedges*, 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, FN.2 (4th Dist.

1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th

Dist. 1992).  Furthermore, even if the parties do not raise jurisdictional

issues on appeal, an appellate court is required to raise them sua sponte. See

*In re Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, FN.2 (1990);

*Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922

(1972).

{¶9} As indicated above, Appellant was indicted on a twenty-seven

count indictment, which included two counts of rape, one count of gross

sexual imposition and twenty-four counts of illegal use of a minor in nudity

oriented material or performance. The jury found Appellant guilty of both

rape counts, the gross sexual imposition count, and fifteen of the twenty-four

counts of illegal use of a minor in nudity oriented material or performance.

Thus, Appellant was found guilty of eighteen counts of the twenty-seven

count indictment. The trial court, in its entry of conviction, noted that the

jury found Appellant not guilty of counts 5, 9, 12, 13, 14, 17, 19 and 20. As

such, only twenty-six counts of the twenty-seven count indictment have been

disposed of. A review of the record indicates that while the jury instructions

initially referenced twenty-seven counts, at some point in the text they began

to reference only twenty-six counts. Further, there are only twenty-six

verdict forms in the record. In fact, our review of the record indicates that

count twenty-seven remains pending. When an indictment count remains

unresolved and is still pending, there is no final order. *In re B.J.G.*, 4th Dist.

Adams No. 10CA894, 2010-Ohio-5195, ¶ 7. Because our review of the record indicates that count twenty-seven remains unresolved and is still pending, there is no final order and we must, therefore, dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Matthew W. McFarland, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**